No. 25-1180 and consolidated cases

# In the United States Court of Appeals for the District of Columbia Circuit

————————

REH COMPANY, LLC,

*Petitioner*,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY,

*Respondent.*

————————

On Petition for Review of a Final Decision of the
Environmental Protection Agency, 90 Fed. Reg. 41,829 (Aug. 27, 2025)

————————

## MOTION OF SMALL REFINERIES OF AMERICA TO INTERVENE IN SUPPORT OF RESPONDENT U.S. ENVIRONMENTAL PROTECTION AGENCY

————————

Daniel J. Feith
  *Counsel of Record*
Peter C. Whitfield
Peter A. Bruland
Cody M. Akins
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000
dfeith@sidley.com

*Counsel for Small
Refineries of America*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.......................................................................ii

GLOSSARY...........................................................................................iv

INTRODUCTION ....................................................................................1

BACKGROUND.......................................................................................1

    A.   Legal Background ....................................................................1

    B.   Factual and Procedural Background .......................................3

ARGUMENT ...........................................................................................5

I.    Small Refineries of America is entitled to intervene.......................6

    A.   This motion is timely. ..............................................................7

    B.   Small Refineries of America has Article III standing
         and thus an interest in this case. ...........................................7

    C.   Disposition of this case will impair or impede Small
         Refineries of America's ability to protect its interests. ........10

    D.   Existing parties cannot adequately represent Small
         Refineries of America's interests..........................................10

II.   Alternatively, the Court should grant permissive
    intervention. ...........................................................................11

CONCLUSION .....................................................................................12

ADDENDUM

   RULE 26.1 STATEMENT ...............................................Add-1

   PROVISIONAL CERTIFICATE AS TO PARTIES, RULINGS,
     AND RELATED CASES ...............................................Add-2

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Am. Trucking Ass'ns, Inc. v. Fed. Motor Carrier Safety Admin.*,
724 F.3d 243 (D.C. Cir. 2013) ................................................................. 7

*Am. Whitewater v. FERC*,
125 F.4th 1139 (D.C. Cir. 2025) ......................................................... 6, 8

*Dimond v. District of Columbia*,
792 F.2d 179 (D.C. Cir. 1986) ................................................................ 11

*EEOC v. Nat'l Children's Ctr., Inc.*,
146 F.3d 1042 (D.C. Cir. 1998) .............................................................. 12

*Fund for Animals, Inc. v. Norton*,
322 F.3d 728 (D.C. Cir. 2003) ........................................... 6, 8, 9, 10, 11

*HollyFrontier Cheyenne Refin., LLC v. Renewable Fuels Ass'n*,
594 U.S. 382 (2021) .................................................................................. 2

*Jones v. Prince George's Cnty.*,
348 F.3d 1014 (D.C. Cir. 2003) .............................................................. 10

*Mandan, Hidatsa, & Arikara Nation v. U.S. Dep't of Interior*,
66 F.4th 282 (D.C. Cir. 2023) ................................................................. 10

*Mass. Sch. of Law at Andover, Inc. v. United States*,
118 F.3d 776 (D.C. Cir. 1997) .................................................................. 6

*Mil. Toxic Project v. EPA*,
146 F.3d 948 (D.C. Cir. 1998) ................................................................. 8

*Mova Pharm. Corp. v. Shalala*,
140 F.3d 1060 (D.C. Cir. 1998) ................................................................ 6

*NRDC v. Costle*,
561 F.2d 904 (D.C. Cir. 1977) ................................................................ 11

ii

*Trbovich v. United Mine Workers,*
404 U.S. 528 (1972) ......................................................................... 10

**Statutes**

42 U.S.C. § 7545(o)(1)(K) ................................................................. 3

42 U.S.C. § 7545(o)(2)(A) ................................................................. 1

42 U.S.C. § 7545(o)(2)(B)(i) .............................................................. 2

42 U.S.C. § 7545(o)(5)(A)(i) .............................................................. 2

42 U.S.C. § 7545(o)(9)(B)(i) .............................................................. 3

40 C.F.R. § 80.1406(b) ...................................................................... 8

40 C.F.R. § 80.1425–.1429 ................................................................ 2

40 C.F.R. § 80.1426(a) ...................................................................... 2

40 C.F.R. § 80.1427(a)(6) .................................................................. 2

40 C.F.R. § 80.1429(b) ...................................................................... 2

40 C.F.R. § 80.2 ................................................................................. 8

88 Fed. Reg. 44,468 (July 12, 2023) ............................................... 2

**Rules**

Fed. R. App. P. 15(d) ................................................................... 5, 7

Fed. R. Civ. P. 24(b)(1)(B) ............................................................. 11

Fed. R. Civ. P. 24(b)(3) .................................................................. 12

## GLOSSARY

| | |
|---|---|
| EPA | Environmental Protection Agency |
| RINs | Renewable Identification Numbers |

## INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 15(d) and Circuit Rule 15(b), Small Refineries of America moves for leave to intervene in support of respondent U.S. Environmental Protection Agency, in opposition to the petitions for review filed in these consolidated cases. At least two of the petitioners, Growth Energy and Renewable Fuels Association, are expected to challenge various aspects of EPA's decision to grant exemptions to small petroleum refineries. Small Refineries of America represents the interests of small refineries that received both partial and full exemptions. Without those exemptions, the members of Small Refineries of America will face costly compliance obligations under the Renewable Fuel Standard. The relief Growth Energy and Renewable Fuels Association seek is therefore directly adverse to the interests of Small Refineries of America and its members. Intervention should be granted.

## BACKGROUND

### A.    Legal Background

The Renewable Fuel Standard requires obligated parties (*i.e.*, oil refineries and fuel importers) to blend certain percentages of renewable fuels into the transportation fuels they produce or import. *See* 42 U.S.C. § 7545(o)(2)(A). EPA sets those percentages on an annual, calendar-year

1

basis. *See, e.g.*, Renewable Fuel Standard (RFS) Program: Standards for 2023-2025 and Other Changes, 88 Fed. Reg. 44,468 (July 12, 2023); *see also* 42 U.S.C. § 7545(o)(2)(B)(i) (setting annual volumes of renewable fuel through 2022).

EPA implements the Renewable Fuel Standard through a system of renewable fuel credits, called "Renewable Identification Numbers" or "RINs." *See* 42 U.S.C. § 7545(o)(5)(A)(i). Producers or importers of renewable fuel generate RINs for each qualifying gallon of renewable fuel they introduce as transportation fuel into the United States. 40 C.F.R. § 80.1426(a). When an entity blends the renewable fuel with traditional fuels (like gasoline) or uses that fuel as transportation fuel, that person "separate[s]" the RIN from its associated batch of renewable fuel. *Id.* § 80.1429(b). Once separated, RINs may be sold or used by an obligated party to demonstrate compliance. *See id.* §§ 80.1425–.1429. RINs may be used to demonstrate compliance only for the calendar year in which they were generated or the following calendar year. *Id.* § 80.1427(a)(6).

In establishing the Renewable Fuel Standard, "Congress was concerned" that compliance obligations "could work special burdens on small refineries." *HollyFrontier Cheyenne Refin., LLC v. Renewable Fuels Ass'n*,

594 U.S. 382, 386 (2021). To relieve those burdens, Congress authorized small refineries facing "disproportionate economic hardship" to petition EPA for an exemption from their compliance obligations. 42 U.S.C. § 7545(o)(9)(B)(i).

## B.    Factual and Procedural Background

Movant Small Refineries of America is an association of independent petroleum refining companies that each operate own and operate one or more "small refineries," as the Renewable Fuel Standard defines that term. Exhibit A, Declaration of Stephen Matthews ¶ 3 ("Matthews Decl."); *see also* 42 U.S.C. § 7545(o)(1)(K). Small Refineries of America advocates for Renewable Fuel Standard policies that advance the interests of small refineries, including by ensuring that EPA grants small-refinery exemptions to all refineries that satisfy the statutory requirements. Matthews Decl. ¶ 3.

In August 2025, EPA decided 175 small-refinery-exemption applications. Among other things, EPA granted full or partial exemptions to refineries owned and operated by several members of Small Refineries of America. Matthews Decl. ¶ 4. If a small refinery has not yet retired RINs

to demonstrate compliance for a given year, the exemption lifts its obligation to demonstrate compliance, at least in part. If a refinery has already retired RINs sufficient to demonstrate compliance, then EPA will return at least some of the retired RINs. EPA Aug. 2025 Decisions on Petitions for Small Refinery Exemptions 20. Returned RINs, if they have not expired, can be used to comply with future Renewable Fuel Standard obligations or sold for profit.[1] *See id.* Either way, each exemption, whether full or partial, affords as much as tens of millions of dollars in regulatory relief for the recipient refinery. *See* Matthews Decl. ¶¶ 5–6.

Numerous entities have petitioned this Court for review of EPA's decisions. Most relevant here, the petitioners include two trade associations supporting ethanol producers: Growth Energy and the Renewable Fuels Association. *See* Doc. #2142157, *Growth Energy v. EPA*, No. 25-1226; Doc. #2142118, *Renewable Fuels Ass'n v. EPA*, No. 25-1228. These same associations have also sought to intervene in partial support of EPA in cases involving small refineries' challenges to EPA's denial of exemptions. *See* Docs. #2137689 & #2140424, No. 25-1180.

---

[1] Several members of Small Refineries of America have petitioned this Court for review of EPA's decision to return expired RINs.

4

In their motions to intervene, the ethanol-industry petitioners claim they are injured when EPA grants a small refinery relief from its RFS obligations, because doing so, they contend, reduces demand for renewable fuels like ethanol. *See* Doc. #2137689 at 8–10; Doc. #2140424 at 7–9. And unsurprisingly, Growth Energy and Renewable Fuels Association have indicated in their statements of issues that they intend to challenge EPA's decisions granting full or partial small refinery exemptions. Doc. #2147167, at 1–2, *Growth Energy v. EPA*, No. 25-1226; Doc. 2147414, at 1–2, *Renewable Fuels Ass'n v. EPA*, No. 25-1228. In other words, the ethanol-industry petitioners seek revocation or reduction of small-refinery exemptions. Accordingly, if Growth Energy's or Renewable Fuels Association's petition were granted, Small Refineries of America's members would suffer significant economic harm.

## ARGUMENT

"[A] person who wants to intervene" in an agency-review case must "file a motion for leave to intervene … within 30 days after the petition for review is filed and [provide] a concise statement of the interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d). This Court evaluates the grounds for intervention under Rule 24 of the

Federal Rules of Civil Procedure. *Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 779 (D.C. Cir. 1997). Rule 24 authorizes intervention as of right and permissive intervention. Small Refineries of America satisfies the criteria for both types of intervention.

## I.   Small Refineries of America is entitled to intervene.

A movant is entitled to intervene under Rule 24(a) if (1) the motion is timely; (2) the applicant has "an interest relating to the property or transaction which is the subject of the action"; (3) the applicant "is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"; and (4) existing parties do not adequately represent the movant's interest. *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998) (quoting Fed. R. Civ. P. 24(a)(2)). This Court also requires would-be intervenors to demonstrate Article III standing. *Am. Whitewater v. FERC*, 125 F.4th 1139, 1150–51 (D.C. Cir. 2025). Doing so is "sufficient to establish" the "interest" element of Rule 24(a). *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003). Small Refineries of America has standing and satisfies all four elements required for intervention as of right.

6

### A.     This motion is timely.

This motion is timely because it is being filed on November 26, 2025, which is within 30 days of the filing of multiple petitions for review in these consolidated cases on October 27, 2025. *See* Fed. R. App. P. 15(d).

### B.     Small Refineries of America has Article III standing and thus an interest in this case.

**1.** Small Refineries of America has Article III standing. An association has standing if "(1) at least one of its members would have standing to sue in his own right; (2) the interest it seeks to protect is germane to its purpose; and (3) neither the claim asserted nor the relief requested requires the member to participate in the lawsuit." *Am. Trucking Ass'ns, Inc. v. Fed. Motor Carrier Safety Admin.*, 724 F.3d 243, 247 (D.C. Cir. 2013).

The latter two elements are easily satisfied here. Small Refineries of America's mission is to advocate for Renewable Fuel Standard policies benefiting small refineries, Matthews Decl. ¶ 3, which it is carrying out here by defending the small-refinery exemptions granted by EPA. And the court can grant the relief Small Refineries of America requests—denial of Growth Energy's and Renewable Fuels Association's petitions for review—without the participation of any of its members.

The standing of Small Refineries of America's members is also "self-evident" because they are the "object[s] of the [agency] action (or forgone action) at issue." *Fund for Animals*, 322 F.3d at 733–34; *accord Am. Whitewater*, 125 F.4th at 1151. The Renewable Fuel Standard directly regulates refineries, including members of Small Refineries of America. Each year, refineries must obtain and retire enough RINs to demonstrate that they have satisfied that year's renewable volume obligation. 40 C.F.R. §§ 80.1406(b), 80.2. And because small refineries, including Small Refineries of America's members, directly "benefit from" the small-refinery exemptions that relieve those obligations, they "would suffer concrete injury if the court grants the relief petitioners seek"—*i.e.*, revocation or reduction of the exemptions. *Mil. Toxic Project v. EPA*, 146 F.3d 948, 954 (D.C. Cir. 1998).

The declaration of Hunt Refining Company, a member of Small Refineries of America, demonstrates how small refineries, including Hunt Refining, will be harmed if the ethanol-industry petitions are granted. For previous compliance years, Hunt Refining was obligated to obtain and retire millions of RINs, at an average annual cost of $100 million to

8

$120 million. Matthews Decl. ¶ 7. In the August 2025 decisions challenged by the ethanol-industry petitioners, Hunt Refining received full small-refinery exemptions from its Renewable Fuel Standard obligations for the 2019–2022 compliance years, and 50% exemptions for the 2023 and 2024 compliance years. Matthews Decl. ¶ 4. As a result, Hunt Refining is not obligated to retire a full amount of RINs to comply with those years. Matthews Decl. ¶ 7. But if the petitioners prevail here, Hunt Refining would face a compliance obligation in the tens of millions of dollars. Matthews Decl. ¶ 8.

Hunt Refining, in short, has paradigmatic proof of standing: If the ethanol-industry petitioners win, Hunt Refining would lose money, but a decision in favor of EPA (and thus Hunt Refining) would prevent that loss from occurring. *See, e.g.*, *Fund for Animals*, 322 F.3d at 733. And because at least one of its members would have standing to sue in its own right, Small Refineries of America has Article III standing too.

**2.** The conclusion that Small Refineries of America "has constitutional standing is alone sufficient to establish that [it] has 'an interest relating to the property or transaction which is the subject of the action.'" *Id.* at 735 (quoting Fed. R. Civ. P. 24(a)(2); *accord Jones v. Prince George's*

9

*County*, 348 F.3d 1014, 1018 (D.C. Cir. 2003) ("[B]ecause Nina has suffered a cognizable injury sufficient to establish Article III standing, she also has the requisite interest under Rule 24(a)(2).").

## C. Disposition of this case will impair or impede Small Refineries of America's ability to protect its interests.

The third element of Rule 24(a) looks to "the practical consequence to the applicants of being denied intervention." *Mandan, Hidatsa, & Arikara Nation v. U.S. Dep't of Interior*, 66 F.4th 282, 286 (D.C. Cir. 2023). The practical consequences here are straightforward: If the ethanol-industry petitioners succeed, Small Refineries of America's members will lose some or all of their exemptions. That loss may well be permanent, but at a minimum restoring the exemptions would be uncertain, "difficult and burdensome." *Fund for Animals*, 322 F.3d at 735. That suffices. *Id.*

## D. Existing parties cannot adequately represent Small Refineries of America's interests.

The inadequacy-of-representation element requires only a "minimal" showing. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). "The applicant need only show that representation of his interest 'may be' inadequate, not that representation will in fact be inadequate." *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986).

None of the existing parties adequately represents Small Refineries of America's interests. The ethanol-industry petitioners are directly opposed to Small Refineries of America's interest. And while Small Refineries of America supports EPA's decision to grant exemptions, EPA's representation is necessarily "inadequa[te]" because it lacks the same financial stake in the suit that Small Refineries of America has through its members. *Id*. Whereas EPA can be expected to represent "the general public interest," *Fund for Animals*, 322 F.3d at 737, Small Refineries of America's "more narrow" financial interest makes it "likely to serve as a vigorous and helpful supplement to EPA's defense" of the exemptions EPA granted, *NRDC v. Costle*, 561 F.2d 904, 912–13 (D.C. Cir. 1977).

## II.  Alternatively, the Court should grant permissive intervention.

Even if it were not entitled to intervene, Small Refineries of America should be permitted to do so. Rule 24(b)(1)(B) permits "anyone to intervene who … has a claim or defense that shares with the main action a common question of law for fact." This Court has long "eschewed strict readings of the phrase 'claim or defense,'" and instead "construe[d] Rule 24(b) as an avenue for third parties to have their day in court." *EEOC v.*

11

*Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). If permitted to intervene, Small Refineries of America will address the same issues of law and fact that the ethanol-industry petitioners present on the merits. And given the sharp adversity small refineries and the ethanol-industry petitioners, giving Small Refineries of America its "day in court" would promote the fair and efficient adjudication of the issues presented.

Intervention also would not "unduly delay" proceedings. Fed. R. Civ. P. 24(b)(3). The motion is filed within the 30-day period provided for intervention under Federal Rule of Appellate Procedure 15(d). Furthermore, the cases in which Small Refineries of America seeks to intervene have already been consolidated with numerous others, in which Growth Energy and Renewable Fuels Association (among others) have moved to intervene. Accordingly, these cases will have briefing by intervenors in any event. Permissive intervention should be granted.

## CONCLUSION

The Court should grant Small Refineries of America leave to intervene in No. 25-1180 and the cases consolidated with it.

Dated:  November 26, 2025          Respectfully submitted,

/s/ *Daniel J. Feith*

Daniel J. Feith
  *Counsel of Record*
Peter C. Whitfield
Peter A. Bruland
Cody M. Akins
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC  20005
(202) 736-8000
dfeith@sidley.com

*Counsel for Small*
*Refineries of America*

## CERTIFICATE OF COMPLIANCE

This motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font. The motion complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 2,322 words, excluding the sections listed in Rule 32(f).


*/s/ Daniel J. Feith*
Daniel J. Feith

## CERTIFICATE OF SERVICE

I certify that on November 26, 2025, a copy of this document was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ Daniel J. Feith*
Daniel J. Feith

# RULE 26.1 STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1, Small Refineries of America states that it is a trade association within the meaning of Circuit Rule 26.1(b). Its members are small petroleum refineries. It operates for the purpose of promoting the general commercial, legislative, and other common interests of its members. Small Refineries of America has no parent company, and no publicly held company has a 10% or greater ownership interest in it.

Dated:  November 26, 2025

Respectfully submitted,

/s/ *Daniel J. Feith*
Daniel J. Feith
  *Counsel of Record*
Peter C. Whitfield
Peter A. Bruland
Cody M. Akins
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC  20005
(202) 736-8000
dfeith@sidley.com

*Counsel for Small Refineries of America*

## PROVISIONAL CERTIFICATE AS TO
## PARTIES, RULINGS, AND RELATED CASES

Pursuant to Circuit Rules 27(a)(4) and 28(a)(1), Small Refineries of America hereby certifies the following with respect to the parties, movant-intervenors, and *amici* in the cases consolidated with No. 25-1180.

Petitioners are:

- REH Company

- Alon Refining Krotz Springs, Inc.

- Calumet Shreveport Refining, LLC

- HF Sinclair Refining & Marketing LLC

- Kern Oil & Refining Co.

- Growth Energy

- Renewable Fuels Association

- Lion Oil Company

- Delek Refining, Ltd.

- CHS Inc.

- American Refining Group, Inc.

- Countrymark Refining & Logistics, LLC

- Placid Refining Company LLC

- San Jaoquin Refining Co., Inc.

- Big West Oil, LLC

- Par Montana, LLC

- U.S. Oil & Refining Company

- Wyoming Refining Company

- The San Antonio Refinery, LLC

- Ergon Refining, Inc.

- Ergon West Virginia, Inc.

- Alon USA, LP

- Hunt Refining Company

- Suncor Energy (U.S.A) Inc.

Respondents are:

- U.S. Environmental Protection Agency

- U.S. Department of Energy

Movant-Intervenors are:

- Growth Energy

- Renewable Fuels Association

- Clean Fuels Alliance America

- Coalition for Renewable Natural Gas

- Sustainable Advanced Biofuel Refiners Coalition

- Coalition to Preserve Refined Fuel Markets

There are no *amici*.

Because these cases involve petitions for review filed directly in this Court, the requirement of Circuit Rule 28(a)(1) to list the parties, intervenors, and *amici* that appeared below does not apply.

Dated:  November 26, 2025        Respectfully submitted,

/s/ *Daniel J. Feith*
Daniel J. Feith
  *Counsel of Record*
Peter C. Whitfield
Peter A. Bruland
Cody M. Akins
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC  20005
(202) 736-8000
dfeith@sidley.com

*Counsel for Small
Refineries of America*

# EXHIBIT A

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

REH Company, LLC,

*Petitioner*,

v.

U.S. Environmental Protection Agency,

*Respondent*.

Case No. 25-1180
and consolidated
cases

## DECLARATION OF STEPHEN MATTHEWS

I, Stephen Matthews, declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1.    I am Vice President and General Counsel at Hunt Refining Company ("Hunt Refining"). In that role, I am responsible for Hunt Refining's compliance with the Renewable Fuel Standard, including Hunt Refining's applications for small-refinery exemptions.

2.    Hunt Refining is a member of Small Refineries of America, which has, pursuant to its charter, authorized me to speak on its behalf.

3.    Small Refineries of America is a non-profit association of operators and owners of "small refineries," as the Renewable Fuel Standard defines that term. Small Refineries of America's mission is to promote

Renewable Fuel Standard policies that advance the interests of small refineries. Small Refineries of America's advocacy includes representing its members in litigation involving the Renewable Fuel Standard.

4.    In August 2025, EPA decided 175 small-refinery-exemption applications. Among other things, EPA granted full or partial exemptions to refineries owned and operated by several members of Small Refineries of America. For Hunt Refining in particular, EPA granted full exemptions for compliance years 2019 through 2022, and partial (50%) exemptions for compliance years 2023 and 2024.

5.    EPA's grant of a full or partial exemption benefits a small refinery by relieving it of the high cost of compliance with the Renewable Fuel Standard. For example, if the refinery has not yet retired enough Renewable Identification Numbers ("RINs") to demonstrate compliance with its Renewable Volume Obligation for the year for which it received an exemption, then the refinery's compliance obligation for that year is either eliminated (if granted a full exemption) or reduced (if granted a partial exemption). This relieves the refinery of the economic hardship imposed by the cost of a full compliance obligation. Alternatively, if the refinery has already retired RINs sufficient to demonstrate compliance

for the year for which it received an exemption, then EPA will return all (for a full exemption) or half (for a partial exemption) of the retired RINs.

6.     In either case, a partial or full exemption has significant economic consequences for the recipient refinery. I understand based on my own experience and knowledge of the refining industry that compliance with an annual Renewable Volume Obligation to satisfy the Renewable Fuel Standard costs most small refineries tens of millions of dollars each year. If an exemption is granted before the refinery has retired RINs to demonstrate compliance, then the exemption eliminates or significantly reduces this multimillion dollar cost.

7.     Hunt Refining's experience demonstrates the enormous economic consequence of receiving a small refinery exemption. Each year from 2019 through 2024, Hunt Refining faced a compliance obligation to obtain and retire tens of millions of RINs to satisfy its Renewable Fuel Standard obligations. Based on the approximate cost of $1.00 per RIN over this time period, this equates to an average annual compliance obligation of between $100 million and $120 million, provided that in some

compliance years RIN costs have been higher. Each exemption Hunt Refining received relieved Hunt Refining from the multimillion-dollar compliance obligation for that year.

8.    I understand that trade associations representing the biofuel industry have petitioned for review of EPA's August 2025 decisions. Because the biofuel industry's interests are typically adverse to the interests of refineries in cases involving the Renewable Fuel Standard, I expect that these biofuel petitioners will challenge EPA's decision to grant small refinery exemptions. If those challenges are successful, Hunt Refining and other members of Small Refineries of America will suffer significant economic harm.

Dated: November 25, 2025

*Stephen Matthews*
_____
Stephen Matthews

4